IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY LONE WOLF FORD,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-04-0446 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** | : | |
| | : | |
| Defendant. | : | |

## O R D E R

Plaintiff, Harry Lone Wolf Ford, formerly[1] an inmate at the Greene State Correctional Institution ("SCI-Greene") in Waynesburg, Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Presently before the Court is the motion to dismiss (Doc. 13) the Pennsylvania Board of Probation and Parole ("PBPP") as a Defendant to the action. A brief in support of the motion was filed contemporaneously. Plaintiff filed no response, nor brief in opposition. By Order dated August 16, 2005 (Doc. 22), this Court directed Plaintiff to file a brief in opposition to the PBPP's motion to dismiss within twenty (20) days. The Order of August 16, 2005 forewarned Plaintiff that if he failed to file a brief within the required time period, the Court would deem the motion unopposed and grant it without a merits analysis.

Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to Defendants' motion, nor has he requested an extension of time in which to do so. In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the

---

[1]Although Plaintiff has not filed an appropriate notification, the Court has learned that Plaintiff was released from incarceration and is now residing at P.O. Box 795, Pottsville, Pennsylvania.

United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed.  However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion, after adequate warning.  "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked."  *Id*.  Plaintiff was advised of the requirements of Local Rule 7.6 by both the standing practice order (Doc. 5) issued in this case on March 2, 2004, and the August 16, 2005 Order.  He was specifically notified that failure to comply with Local Rule 7.6 by filing a brief in opposition would result in dismissal.  Consequently, the Court will grant the PBPP's motion to dismiss without a merits analysis.  *See* M.D. Pa. Local Rule 7.6; *Stackhouse* 951 F.2d at 30 (3d Cir. 1991).

**ACCORDINGLY, THIS 4th DAY OF OCTOBER, 2005, IT IS HEREBY ORDERED THAT** the unopposed motion to dismiss the Pennsylvania Board of Probation and Parole (Doc. 13) as a Defendant to this action is **GRANTED**.

                /s/ A. Richard Caputo
                A. RICHARD CAPUTO
                United States District Judge